UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KATHERYN CLOVER, *et al.*, | ) Case No. 1:22-cv-559 |
| Plaintiffs, | ) Judge J. Philip Calabrese |
| v. | ) Magistrate Judge |
| ANTHONY VIOLA, | ) William H. Baughman |
| Defendant/Third Party Plaintiff, | ) |
| v. | ) |
| DANIEL KASARIS, *et al.*, | ) |
| Third-Party Defendants. | ) |

**OPINION AND ORDER**

Anthony Viola seeks reconsideration of the Court's Order of June 22, 2022 (ECF No. 14), which dismissed the third-party complaint in its entirety and remanded this matter to State court. In support of his motion, Mr. Viola complains that the Court acted on the motion before he had a chance to respond. The Court had set July 18, 2022 as the deadline to do so. (*See* Order, May 6, 2022.)

With respect to this issue, the Court finds that, even considering the materials Mr. Viola attached to his motion for reconsideration, the record is so one sided and admits of only one action—namely, the one the Court took in its Order of June 22, 2022—that the interests of judicial economy for all involved, not just Mr. Viola, did not and do not warrant delay in dismissing the third-party complaint

and remanding this action. While the Court understands Mr. Viola's complaint in this regard, Mr. Viola may continue to litigate in State court.

As for reconsideration on the merits, although the Rules do not formally provide for reconsideration, the reasons for altering or amending a judgment under Rule 59 or for obtaining relief from a judgment under Rule 60 generally delineate the circumstances under which a court will grant reconsideration. This is so even though, strictly speaking, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revisited at any time before the entry of judgment[.]" Fed. R. Civ. P. 54(b).

Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004).

Reconsideration constitutes an extraordinary remedy reserved for exceptional cases. *Hines v. Commissioner of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations omitted). It is not an opportunity to re-argue matters or "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374

(6th Cir. 1998) (quoting *Federal Deposit Ins. Corp. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Similarly, a party may not simply reargue matters previously raised. *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014). At bottom, a motion for reconsideration allows a court to correct its own errors. *Hines*, 414 F. Supp. 3d at 1081.

Under this standard, Mr. Viola's motion for reconsideration fails for two reasons. First, all he does is to make the same arguments he previously made. Reconsideration is not an opportunity simply to reargue matters already raised.

Second, the new evidence Mr. Viola maintains supports his motion, none of this information constitutes new evidence within the meaning of the law. All of the facts Mr. Viola argues were previously known or available. This is not new evidence, and none of the information and arguments he presents changes in any way the Court's analysis.

For all these reasons, the Court **DENIES** the motion for reconsideration.

**SO ORDERED.**

Dated: July 8, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio

3