UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KATHERYN CLOVER, *et al.*, | Case No. 1:22-cv-559 |
| Plaintiffs, | Judge J. Philip Calabrese |
| v. | Magistrate Judge William H. Baughman |
| ANTHONY VIOLA, | |
| Defendant/Third Party Plaintiff, | |
| v. | |
| DANIEL KASARIS, *et al.*, | |
| Third-Party Defendants. | |

**OPINION AND ORDER**

Anthony Viola seeks relief, again, from the Court's Order of June 22, 2022 (ECF No. 14), which dismissed the third-party complaint in its entirety and remanded this matter to State court. In support of his motion this time, Mr. Viola points to allegations against and a resulting bar investigation of the assistant United States Attorney who prosecuted him. Mr. Viola contends that this new evidence requires reopening his claims and calls into question the integrity and honesty of the particular assistant United States Attorney involved and the entire Office of the United States Attorney.

Mr. Viola seeks relief from judgment under Rule 60(b) and, in particular, based on newly discovered evidence. Prevailing on such a motion requires that the

movant establish, among other things, that the evidence is material and clearly would have produced a different result if presented before judgment. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (quoting *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)).

Under this standard, Mr. Viola's motion fails for the simple reason that the new evidence to which he points has no nexus or connection to the matter of which he complains. That is, the investigation involving the assistant United States Attorney at issue relates to allegations of sexual harassment and false statements in connection with that conduct and investigation. Nothing about the documents involving those allegations extends beyond those events or so much as touches on Mr. Viola's case. To the extent Mr. Viola says anything about his own case, he simply rehashes the arguments he has repeatedly made, and which courts including this one, have repeatedly rejected. In fact, he makes *no* argument that anything about the disciplinary matter or investigation involving the assistant United States Attorney has any connection to his case. This failure speaks volumes and is fatal to his motion.

For these reasons, the Court **DENIES** the motion for relief from judgment (ECF No. 22).

**SO ORDERED.**

2

Dated: September 6, 2022

                                          J. Philip Calabrese
                                          United States District Judge
                                          Northern District of Ohio